Arthur Markewich, J.
Defendant Moscow moves for dismissal of the complaint pursuant to rule 107 upon the ground that the claim in suit is unenforcible under the provisions of the Statute of Frauds in that it is not performable within a year and is not in writing. It is alleged in the complaint that plaintiff furnished to the defendant specific data, incidents, color and human interest adventures occurring aboard the steamship Andrea Doria prior, during and subsequent to its collision with the steamship Stockholm; that defendant Moscow made notes thereon and wrote a book based upon those notes. It is alleged that it was the agreement between the parties that this collaboration would entitle the plaintiff to share equally in the net proceeds of profits arising from the book thus compiled. It is further alleged that the breach of the contract by the defendant consisted in his willful and fraudulent negotiation with the publisher and with other interests for the exploitation of the work product and that the defendant has failed and refused to account. There is no claim that the agreement is evidenced by any writing or memorandum. The time during which the profits are to be shared is unlimited and no event is provided for the termination of the defendant’s obligation. While plaintiff’s compensation is stated in terms of profit sharing, there is nevertheless involved a simple contract resulting in a single obligation to pay a sum of money. The allegation of fraud in relation to the breach of the contract does not alter the nature of the cause of action as pleaded. Nor is there any basis sufficient to impose an obligation in equity to account. The motion is granted. If 'plaintiff can plead a cause or causas *969 of action without seeking the enforcement of an unenforcible agreement, he may serve an amended complaint within 20 days from service of a copy of this order with notice of entry.
The cross motion for leave to serve an amended complaint is therefore academic and is dismissed.